**UNITED STATES DISTRICT COURT**

**for the**

**DISTRICT OF NEW MEXICO**

**THE MATTER OF THE ESTATE OF**
**EUGENE JOSEPH MCGUIRE, DECEASED**

---

**ROSEMARY S. HUNTER**
**Petitioner,**

**v.** **26cv2167-GBW-SCY**

**ANDREW McGUIRE,**
**RACHEL ELLSWORTH,**
**And**
**DAVID McGUIRE,**
**Defendants**

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Petitioner, Rosemary S. Hunter ("Mrs. Hunter"), by and through her attorneys of record NEW MEXICO LEGAL GROUP, P.C. (Matthew Barceleau) and for her Response to the *Defendant's Motion to Dismiss* ("Response"), **STATES:**

## INTRODUCTION

Defendant's, Andrew McGuire's, Motion to Dismiss, filed July 27, 2026, Plaintiff's Petition to Invalidate Beneficiary Designation of Fidelity Account for Eugene McGuire, filed June 17, 2026, seeks to dismiss Plaintiff's Petition.

The assertion by Defendant mentioned in Defendant's Motion to Dismiss that this Court does not have personal jurisdiction over any of the parties to include Mrs. Hunter is wrong; not supported by the law; defeated by Defendant's own actions; and should be denied. Defendant's motion incorrectly treats disputed factual issues as resolved. At the "Rule 12" stage, the Court must accept well-pleaded allegations as true, draw reasonable inferences in Plaintiff's favor, and deny dismissal where jurisdictional or ownership issues require factual development. The

authorities cited by Defendant either predate modern probate-exception jurisprudence, address materially different circumstances, or expressly contemplate further factual inquiry before dismissal.

## ARGUMENT AND AUTHORTIES

### I. RESPONSE TO LACK OF JURISDICTION OVER THE PERSON.

First, as a matter of law, New Mexico has jurisdiction to address claims raised in Plaintiff's Petition under the Uniform Probate Code. "The district court has exclusive original jurisdiction over all subject matter relating to: (1) formal proceedings with respect to the estates of decedents, including determinations of testacy, appointment of personal representatives, constructions of wills, administration and expenditure of funds of estates, determination of heirs and successors of decedents, and distribution and closing of estates; (2) estates of missing and protected persons; (3) protection of incapacitated persons and minors; (4) survivorship and related accounts and similar property interests; (5) disclaimer of interests in property; (6) apportionment of taxes on estates; and (7) governing instruments except wills." *See* NMSA § 45-1-302(A) (1978). Furthermore, "In formal proceedings, the district court has jurisdiction to determine title to and value of real or personal property as between the estate and any interested person, including strangers to the estate claiming adversely thereto. The district court has full power to make orders, judgments, and decrees and to take all other action necessary and proper to administer justice in matters that come before it. *See* NMSA § 45-1-302(B) (1978). In *Marshall v. Marshall,* 547 U.S. 293, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006), the United States Supreme Court held that the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and

precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court, but it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction, such as claims of undue influence, tortious interference, fraud, etc.

Defendant's argument that the New Mexico District Court lacks **personal** jurisdiction is without merit. To state that this Court does not have jurisdiction over Petitioner is incorrect as Mrs. Hunter is a resident of the State of New Mexico (not South Carolina) and therefore jurisdiction exists as to her person. Moreover, she submits herself to the jurisdiction upon the filing of her Petition. The Decedent, Eugene McGuire, was domiciled in New Mexico at the time of his death. Many, if not all, complained of acts by individuals occurred in New Mexico, or were directed toward New Mexico, or property held therein. Moreover, Defendant, rather than limitedly appearing to challenge jurisdiction only, submitted himself to the United States District of New Mexico and pled extensive facts to establish jurisdiction in the United States District Court. For these reasons stated above, this argument fails.

Defendant relies upon *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054 (10th Cir. 2008), and *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086 (10th Cir. 1998). However, neither *AST Sports Science* nor *OMI Holdings* requires dismissal at the pleading stage where jurisdictional facts remain disputed. Both cases recognize that a plaintiff need only make a prima facie showing of jurisdiction when the motion is decided on written submissions without an evidentiary hearing; an argument Defendant concedes. Any and all factual disputes related to this prima facie showing are resolved in Plaintiff's favor. See *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008), holding that all factual disputes must

be resolved in a plaintiff's favor when assessing a pretrial motion challenging personal jurisdiction. As stated above, and in Plaintiff's Petition, the beneficiary designation of an IRA held by Decedent in New Mexico, and any and all acts related to the same are/were directed to New Mexico property over which New Mexico Courts have exclusive original jurisdiction.

Perhaps more importantly, Defendant purposefully availed himself of jurisdiction by failing to challenge the same, removing this matter to this very Court, and petitioning the Court himself through his counter-claim filed July 15, 2026. See *Bell Helicopter Textron, Inc. v. Heliqwest International, Ltd*, 385 F.3d 1291 (10th Cir. 2004). "To support specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (citation omitted); see also *Fidelity and Cas. Co. of N.Y. v. Phila. Resins Corp*., 766 F.2d 440, 445 (10th Cir.1985). Filing a petition for removal, and a subsequent complaint in the District Court over the very property in dispute raised by Plaintiff is definitely an act invoking the benefits and protections of New Mexico law. This is especially true, where Defendant had the option to limitedly appear to challenge jurisdiction only, but instead decided to sue Plaintiff. Therefore, Defendant, submitted himself to New Mexico jurisdiction.

**II. RESPONSE TO FAILURE TO JOIN A PARTY UNDER RULE 12(b)(7) AND RULE 19.**

Defendant's Motion is based on a procedure and does not warrant dismissal. Courts favor resolving disputes on the merits and allow for curative measures where service is defective but not prejudicial. *See Sanchez v. Church of Scientology of Orange Cnty.,* 115 N.M. 660, 857 P.2d 771

(1993). Defendant cites *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993 (10th Cir. 2001), but significantly overstates its holding and Rule 19. Dismissal for failure to join a party is a last resort. Under Federal Rule of Civil Procedure 19(A), a person subject to service of process must be joined as a party if: (1) in their absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that disposition in their absence may either (a) as a practical matter impair or impede their ability to protect that interest, or (b) leave any existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. If such a person has not been joined, the court shall order them made a party; if they should join as a plaintiff but refuse, they may be made a defendant or, in a proper case, an involuntary plaintiff . *id.* In *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993 (10th Cir. 2001), the only reason the dismissal was upheld was because the court could not order the missing parties joined due to sovereign immunity. This is not the case here.

The remainder of Defendant's argument on this point is nonsense. First, there is no requirement to name Fidelity Investments as the custodian of the account. Invalidating beneficiary designations is a common probate/estate claim and any declaratory order stemming from such a claim may be easily followed by a financial institution similar to an order to freeze an account, an order to garnish wages, or seize funds, and the like. But even if somehow, Fidelity Investments is deemed indispensable, then the remedy is to order them joined. Second, Defendant goes on to argue his own spin on the merits of Plaintiff's claim, but fails to understand that he and the other beneficiaries are in fact the individuals most likely to qualify as indispensable, not the Estate. A Petition to invalidate beneficiary designations is not made

against an Estate as it is seeking declaratory judgment over property currently held outside of the probate estate. To invalidate non-probate transfers, an application for formal probate need not be filed by the same individual. New Mexico's Uniform Probate Code provides, under NMSA § 45-3-107 that each proceeding before the district court or probate court is independent of any other proceeding involving the same estate.

However, New Mexico courts have recognized that certain claims touching on the validity of estate planning instruments and transfers must be channeled through the probate process rather than through general civil actions. See *Wilson v. Fritschy*, 2002-NMCA-105, 132 N.M. 785, 55 P.3d 997, and *Borri v. Parkhill*, No. CV 05-773 LH/WPL, 2005 WL 8163481 (D.N.M. Dec. 1, 2005). The validity of the non-probate transfer of the IRA beneficiary designation is a separate proceeding, but its cause and caption must be brought through the probate process. This does not mean the Estate is an indispensable party. However, even if it were, the Court simply orders the Estate formally be joined to the instant matter, NOT dismissal.

## III. RESPONSE TO FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Defendant's argument that Petitioner's petition fails to state a claim upon which relief can be granted is false. The Defendants, plurally are the parties who shall see the impact of a decision to invalidate the transfer and therefore must be included in this matter, but there is no requirement that Plaintiff allow or wait until the funds are distributed to seek invalidation. None of Defendant's cited authority even suggest this argument, yet Defendant makes it out of nowhere. In fact, there is no real logical connection between the cited authority and the conclusion in Defendant's Motion.

Defendant expectedly cites *Twombly*, *Iqbal*, and *Khalik*. The plausibility mentioned in these three matters is broad and permissive, not a narrow restriction on how a complaint should be read. See *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), requiring only enough factual content to give fair notice and make the claim plausible. See also, *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010), explaining that courts must accept well-pleaded facts as true. The Plaintiff's Petition alleges decedent's ownership, transfer of funds, identity of recipient, potential date of transfer, and the basis for Plaintiff's claim to said funds. This is well more than the requirement to give fair and reasonable notice. However, Defendant tries to apply this idea to beneficiary designations as though somehow because the funds transfer outside of probate, relief to invalidate said designations can never be granted.

Petitioner is well aware the beneficiary designation is a non-probate transfer, but there is no provision in NMSA § 45-6-102, that says a party seeking to invalidate a non-probate transfer must wait until the funds are dispersed, or that the financial institution is bound and "has no choice but to convey the funds."[1] Defendant goes on to cite NMSA 1978 § 45-3-710, which reads: "The property liable for the payment of unsecured debts of a decedent includes all property transferred by him by any means which is in law void or voidable as against his creditors. Subject to prior liens, the right to recover this property, so far as necessary for the payment of unsecured debts of the decedent, rests with the personal representative or upon petition of an interested person, with a person designated by order of the district court." This statute does not stand for any point made by Defendant. Defendant cites further *Walsh v. Montes*,

[1] Defendant's footnote of 26 CFR § 1.408-2(b)(7) is odd, as the Internal Revenue Code regarding what an indidual retirement account should default to after the death of the owner, is largely overridden by modern IRC language. But more importantly, has absolutely no bearing on whether the validity of a beneficiary designation can be challenged.

388 P.3d 26, 265 (NM App. 2016), citing *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009). *Kennedy* held only that an ERISA plan administrator may follow plan documents in distributing benefits. It did not decide ownership rights between competing claimants after payment. The Court expressly left open post-distribution claims under other legal theories. But most importantly, these cases did not prescribe an order of operations by which Plaintiff must first allow distribution and then sue herself as personal representative to invalidate a retirement account beneficiary designation, because this is NOT the law.

**CONCLUSION**

WHEREFORE, Mrs. Hunter requests this Court enter an order denying the Motion, awarding Mrs. Hunter her attorney's fees for responding to this Motion, and for whatever further relief this Court deems just and proper.

Respectfully submitted,

NEW MEXICO LEGAL GROUP, P.C.

*/s/ Matthew Barceleau*
Matthew Barceleau
Attorney for Petitioner
2701 Arizona St. NE
Albuquerque, NM 87110
(505) 843-7303
mbarceleau@newmexicolegalgroup.com

I hereby certify that the foregoing pleading will be provided to all parties entitled to notice via Odyssey efile and serve on the date it is endorsed.

*/s/ Matthew Barceleau*
Matthew Barceleau