FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 3 1 2026

ERIK PALTROW
CLERK

**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF NEW MEXICO**

**ROSEMARY S. HUNTER,**
**Petitioner,**

**26 cv 2167-GBW-SCY**

**v.**

**ANDREW McGUIRE, et al.,**
**Defendants.**

**DEFENDANT ANDREW MCGUIRE'S REPLY TO ROSEMARY S. HUNTER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Andrew McGuire, *pro se*, and in reply to Rosemary Hunter's opposition to the motion to dismiss, states as follows:

**1. PERSONAL JURISDICTION.**

This Defendant argued that he was entitled to dismissal under Rule 12(b)(2) because he is not subject to the personal jurisdiction of the New Mexico courts.

Petitioner started off her opposition to this ground by arguing that this is a "formal" probate case. (Opp. at 2). But then later in her opposition, she admits that "the beneficiary designation is a non-probate transfer…." (Opp. at 7). Mrs. Hunter is only correct in her later assertion.

But probate or not probate – that doesn't resolve the question of this Defendant's lack of contact with the State of New Mexico. Mrs. Hunter claims she is a "resident" of the State of New Mexico, and not of her domicile in South Carolina (where she votes and holds a driver's license). But a motion to dismiss for lack of personal jurisdiction focuses on the Defendant's contacts with the forum state, not the Plaintiff's. And Mrs. Hunter's pointing to her deceased husband's domicile doesn't help either, because neither him or his estate are parties to her suit.

Petitioner next suggests that Defendants filing of their counterclaim is the equivalent of availing themselves to the New Mexico court's jurisdiction. Mrs. Hunter points to Bell Helicopter Textron Inc. as support for that proposition, but that case doesn't state that. Nor does that case stand for the proposition that this Defendant submitted himself to the personal jurisdiction of the state court merely by defending himself and filing for removal to the federal court. The general rule is that a defendant does not waive an asserted jurisdictional defense, such as lack of personal jurisdiction, when his answer also requests relief in the form of a counterclaim, a cross-claim, or a third-party claim; the federal rules permit defendants to simultaneously seek relief and raise a jurisdictional defense without waiving that defense. United States v. Ligas, 549 F.3d 497, 502 (7th Cir. 2008).

In short, even though the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat [a 12(b)(2)] motion," Wenz v. Memery Crystal, 55 F.3d 1503, 1507 (10th Cir. 1995), Mrs. Hunter has failed to meet this minimum standard, and accordingly, Defendant should be dismissed from her suit.

**2. JOINDER.**

Mrs. Hunter's "Petition to Invalidate Beneficiary Designation of Fidelity Account for Eugene McGuire" names as a defendant neither Fidelity nor Mr. McGuire. Instead, Mrs. Hunter sued only the designated beneficiaries.

In response to Defendant's motion to dismiss for failure to join a necessary party, Mrs. Hunter suggests that her suit against *just* the designated beneficiaries is a "common" way to invalidate a beneficiary designation. (Opp. at 5). This Defendant can find no precedent for such a "common" approach to resolving a contested beneficiary designation; rather, the leading cases

– which involve IRA's, 401(k)'s, pensions, and life insurance policies - confirm the estate and/or the custodian are necessary and required parties.

For instance, beneficiary challenges are often brought directly by or against the estate, within the context of the decedent's probate case. See, e.g., Walsh v. Montes, 388 P.3d 262 (N.M. App. 2016); see also, In re. Estate of Wellshear, 142 P.3d 994 (Ok.App. 2006); Gonzalez v. Sec. State Bank (In re Estate of Wood), No. 80645-9-I (Wash. App. Jan. 21, 2020) (unpublished); Bradley v. McNeight, (In re. Estate of McNeight), No. 340777 (Mich. App. July 2, 2019) (unpublished).

Alternatively, parties challenging a beneficiary designation will file suit directly against the fund custodian. See Gzawkow v. Pub. Emps. Ret. Bd, 403 P.3d 694 (N.M. App. 2017); see also, Gray v. Fidelity Brokerage Servs., 526 P.3d 1115 (Okla. 2023). In the landmark case of Kennedy v. Plan Adm'r, 555 U.S. 285 (2009), for instance, it was an *estate* suing the fund *and* the claimants over a contested beneficiary designation.

Or, oftentimes, the fund custodian will institute an interpleader action, and then bring in all of the claimants as defendants. See, e.g., Primerica Life Ins v. Montoya, No. 1:18-cv-109 JCH-CG (D.N.M. March 18, 2019) (unpublished); UBS Fin. Servs. v. Aliberti, 113 N.E. 277 (Mass. App. 2018), rev'd, 133 N.E.3d 277 (Mass. 2019); JPMorgan Chase Bank v. Maurer, 13 Civ. 3302 (NRB) (S.D.NY Feb. 9, 2015) (unpublished).

The only cases this Defendant could find where a family member sued *only* the designated beneficiaries (and *not* the decedent's estate and/or the fund custodian) were the seminal Supreme Court cases Egelhoff v. Egelhoff[1] and Boggs v. Boggs ,[2] where the contested

[1] 532 U.S. 141 (2001).

[2] 520 U.S. 833 (1997).

funds *had already been distributed to the beneficiaries.* In those cases, since the designated beneficiaries were the ones holding the money, it wasn't necessary for the disgruntled family member to join anyone other defendants in their case. Accord, Walsh v. Montes, 388 P.3d 262 (N.M. App. 2016).

Mrs. Hunter says this is all "nonsense." (Opp. at 5). But it is Mrs. Hunter who is spewing nonsense when she says that a hypothetical order in this case invalidating Defendant's father's beneficiary designation "may be easily followed by [Fidelity] similar to an order to freeze an account, an order to garnish wages, or seize funds…." (Opp. at 5). The IRA at issue is not just some pot of money that can be garnished. Rather, an IRA is "a trust created or organized … for the exclusive benefit of an individual or his beneficiaries. . . ." (26 U.S.C., § 408(a)). Because IRA's are individually owned rather than sponsored by an employer, IRA's are not governed by ERISA; nevertheless, they remain heavily regulated insomuch as they carry significant tax benefits. See 26 CFR 1.408-1 et seq.

As shown in Bradley v. McNeight, (In re. Estate of McNeight), Gonzalez v. Sec. State Bank (In re Estate of Wood, UBS Fin. Servs. v. Aliberti, and JPMorgan Chase Bank v. Maurer, the only way to challenge the designated beneficiary of an IRA is to include the fund custodian as a party. Since Mrs. Hunter has failed to do so – for close to 90 days (!) since filing her petition – her suit should be dismissed.

**3. FAILURE TO STATE A CLAIM.**

In his motion to dismiss, Defendant also argued that Mrs. Hunter's suit against him had to be dismissed, because it was premature of her to file suit against a designated beneficiary of her husband's IRA when the fund custodian had not yet distributed the funds to the designated

beneficiaries. Defendant argued – and Mrs. Hunter now apparently agree[3]s - that the beneficiary designation is a non-probate transfer pursuant to NM Stat. 45-6-101 ("A provision for a nonprobate transfer[4] on death in an … individual retirement plan… is nontestamentary.").

In 2019, District Judge Judith Herrera ruled in a case involving a beneficiary designation in a life insurance policy that "Community property law does not control the disposition of the Policy because the Policy was a nonprobate transfer whose beneficiary designation [the account owner] was entitled to revoke." Primerica Life Ins. v. Montoya, 1:18-cv-109-JCH-CG (March 18, 2019). The same logic would apply here, in a case involving Mrs. Hunter's claim of a community property interest in the designated IRA funds – New Mexico's community property laws simply cannot prevent the disposition of the fund to the beneficiaries as designated by the decedent.

Instead, New Mexico law suggests that Mrs. Hunter's only remedy is to sue the IRA beneficiaries- but only *after* they have received their proportionate share. First, pursuant to NM Stat. 45-6-102, "a transferee [e.g. a recipient beneficiary] of a nonprobate transfer is subject to liability to any probate estate of the decedent for allowed claims against the decedent's probate estate and statutory allowances to the decedent's spouse..." NM Stat. 45-6-102(b). In other words, the statutory scheme appears to acknowledge that "transferors" are likely to transfer the non-probate asset immediately upon the death of the owner; NM Stat. 45-6-102(b) thus provides

---

[3] Opp. at 7.

[4] A non-probate transfer is further defined as "a valid transfer effective at death, other than a transfer of a survivorship interest in a joint tenancy of real estate, by a transferor whose last domicile was in this state to the extent that the transferor immediately before death had power, acting alone, to prevent the transfer by revocation or withdrawal and instead to use the property for the benefit of the transferor or apply it to discharge claims against the transferor's probate estate." NM Stat. 45-6-102.

a person who claims they were wrongly left out of the transfer a remedy to make their claim against the persons – the "transferees" – who did receive the money.

New Mexico's appellate court appears to have recognized this concept in Walsh v. Montes, 388 P.3d 262 (N.M. App. 2016). There, the named beneficiary of the decedent Renee Walsh's Fidelity 401(k) was her ex-husband Alexandro Montes. As part of their divorce settlement agreement, Montes had disclaimed any interest in his wife's Fidelity account. However, Walsh never removed his name as the designated beneficiary, and when Walsh died, the funds were paid to Montes. Walsh's children, together with the Walsh estate, sued Montes.

Montes won at the trial level, arguing that "ERISA obligates administrators to pay ERISA plan benefits to the named beneficiary." On appeal, the court pretty much agreed with that defense, pointing out that the U.S. Supreme Court had ruled in Boggs and Kennedy v. Plan Administrator that state laws (similar to New Mexico's 45-2-804) that invalidate pre-divorce beneficiary designations are pre-empted by ERISA's command that benefits be paid to the designated beneficiaries. "[The Supreme Court] held that the state law permitting the testamentary transfer of a nonparticipant spouse's community property interest in *undistributed* pension plan benefits was preempted by ERISA…." (emphasis in original). Walsh, 388 P.3d at 264-265. The Court of Appeals explained further: "The point is that by giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: simple administration, avoiding double liability, and ensuring that *beneficiaries get what's coming quickly*, without the folderol essential under less-certain rules." Walsh, 388 P.3d at 266 (citing Kennedy). (emphasis added).

But the New Mexico Court of Appeals went on to distinguish the Supreme Court case law, saying, "[h]owever, the Court explicitly left open the question of whether, *once the benefits are distributed*, the participant's estate may enforce the waiver against the beneficiary." Id. at 265.[5]

Now it should be said that Walsh involved a 401(k) – which is governed by ERISA – and not an IRA – which is not governed by ERISA. However, given the understanding that the beneficiary designation is a non-probate transfer, the "ERISA" cases give strong support for the proposition that a disgruntled, left-out family member cannot stop the distribution of an IRA to its designated beneficiaries, and can only make their claim against the recipient beneficiaries once the funds have been distributed.

In her opposition, Mrs. Hunter apparently rejects this analysis of Kennedy and Walsh, writing, "these cases did not prescribe an order of operations by which Plaintiff must first allow distribution and then sue herself as personal representative to invalidate a retirement account beneficiary designation…." But Mrs. Hunter has not provided this Court with any authority for her unprecedented "pre-distribution" action against the beneficiaries. For this reason, she has failed to state a claim upon which relief may be granted, and accordingly, her petition must be dismissed.

WHEREFORE Defendant Andrew McGuire respectfully prays for an order from this Court dismissing Rosemary Hunter's Petition and awarding costs and fees to Defendants.

---

[5] The New Mexico Court of Appeals' reasoning in this regard was rejected by the Colorado Court of Appeal in Ragan v. Ragan, 494 P.3d 664, 672 (Colo. App. 2021), which held that ERISA preempted post-distribution claims just as it preempted pre-distribution claims.

I ask for this:

/s/ Andrew McGuire

Andrew McGuire, *pro se*
3204 Pope Street SE
Washington, DC 20020
United States
Phone number: 2024946114

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that on the _28th___ day of August 2026, I served a true copy of the forgoing, by U.S. Mail and email, on the following:

Melanie B. Stambaugh, Esq.
Kara B. Murphy, Esq.
RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
Counsel for Fidelity Management
Trust Co.
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
mstambaugh@rodey.com
kmurphy@rodey.com

Rosemary S. Hunter
c/o
Matthew I. Barceleau, Esq.
2701 Arizona St NE
Albuquerque, NM 877110
mbarceleau@newmexicolegalgroup.com

Kurt A. Sommer, Esq.
Attorney for Rachel Ellsworth,
Defendant
2000 Old Pecos Trail
Santa Fe, NM 87505
email: kurts@sommerudall.com

Rachel Ellsworth
220 TIOGA ST
JOHNSTOWN, PA 15905-2435
girliemac14@gmail.com

David McGuire, *pro se*
5581 N PASEO PESCADO
TUCSON, AZ 85718-5127
Davidmcguire116@comcast.net

/s/ Andrew McGuire

Andrew McGuire