**UNITED STATES DISTRICT COURT**

**for the**

**DISTRICT OF NEW MEXICO**

**THE MATTER OF THE ESTATE OF**
**EUGENE JOSEPH MCGUIRE, DECEASED**

______________________

**ROSEMARY S. HUNTER**
**Petitioner,**

**v.** **26cv2167-GBW-SCY**

**ANDREW McGUIRE,**
**RACHEL ELLSWORTH,**
**And**
**DAVID McGUIRE,**
**Defendants**

## AMENDED RESPONSE TO COUNTER-CLAIM

COMES NOW the Petitioner, Rosemary S. Hunter, by and through her attorneys of record NEW MEXICO LEGAL GROUP, P.C. (Matthew Barceleau) and for her Amended Response to the *Counter-Claim* ("Response"), **STATES:**

## RESPONSE TO JURISDICTION

1. Petitioner admits to paragraph 1 of the Counter-Claim.

## RESPONSE TO PARTIES

2. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 2 of the Counter-Claim and therefore denies the same.

3. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 3 of the Counter-Claim and therefore denies the same.

4. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 4 of the Counter-Claim and therefore denies the same.

5. Petitioner admits she is a U.S. Citizen who owns residences in New Mexico held in trust and in South Carolina and denies any other allegation of paragraph 5 of the Counter-Claim.

## RESPONSE TO FACTS

6. Petitioner admits to paragraph 6 of the Counter-Claim.

7. Petitioner admits to the allegations in paragraph 7 of the Counter-Claim.

8. Petitioner denies the allegations in paragraph 8 of the Counter-Claim.

9. Petitioner admits to the allegations in paragraph 9 of the Counter-Claim.

10. Petitioner admits to the allegations in paragraph 10 of the Counter-Claim.

11. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 11 of the Counter-Claim and therefore denies the same.

12. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 12 of the Counter-Claim and therefore denies the same.

13. Petitioner denies the allegations in paragraph 13 of the Counter-Claim and affirmatively states she signed the spousal consent to Decedent's single-life annuity election at his retirement in 1999, and the pension ending at his death was part of their plan and further denies waiving any interest in any 401k, IRA, or the similar accounts discussed.

14. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 14 of the Counter-Claim and therefore denies the same.

15. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 15 of the Counter-Claim and therefore denies the same.

16. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 16 of the Counter-Claim and therefore denies the same.

17. Petitioner denies the allegations in paragraph 17 of the Counter-Claim.

18. Petitioner admits to the allegations in paragraph 18 of the Counter-Claim.

19. Petitioner admits to the allegations in paragraph 19 of the Counter-Claim.

20. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 20 of the Counter-Claim and therefore denies the same.

21. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 21 of the Counter-Claim and therefore denies the same.

22. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 22 of the Counter-Claim and therefore denies the same.

23. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 23 of the Counter-Claim and therefore denies the same.

24. Petitioner admits to sending an email, but states the thread of emails exchanged speak for themselves and denies any characterization favorable to counter-claimants in paragraph 24.

25. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 25 of the Counter-Claim and therefore denies the same.

26. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 26 of the Counter-Claim and therefore denies the same.

27. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 27 of the Counter-Claim and therefore denies the same.

28. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 28 of the Counter-Claim and therefore denies the same.

29. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 29 of the Counter-Claim and therefore denies the same.

30. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 30 of the Counter-Claim and therefore denies the same.

31. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 31 of the Counter-Claim and therefore denies the same.

32. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 32 of the Counter-Claim and therefore denies the same.

33. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 33 of the Counter-Claim and therefore denies the same.

34. Petitioner denies the allegations in paragraph 34 of the Counter-Claim and admits only that a summons had not been issued as of July 7, 2026.

35. Petitioner is without sufficient information to form a belief as to the allegation contained within paragraph 35 of the Counter-Claim and therefore denies the same.

36. Petitioner admits to the allegations in paragraph 36 of the Counter-Claim.

37. Petitioner denies the allegations in paragraph 37 of the Counter-Claim.

38. Petitioner denies the allegations in paragraph 38 of the Counter-Claim.

**RESPONSE TO COUNT I (Tortious Interference with Contract)**

39. Petitioner hereby incorporates her responses to Paragraph 1 through 38 as though fully set forth herein.

40. Petitioner denies the allegations in paragraph 40 of the Counter-Claim.

41. Petitioner denies the allegations in paragraph 41 of the Counter-Claim.

42. Petitioner denies the allegations in paragraph 42 of the Counter-Claim.

43. Petitioner denies the allegations in paragraph 43 of the Counter-Claim.

**RESPONSE TO COUNT II (Abuse of Process)**

44. Petitioner hereby incorporates her responses to Paragraph 1 through 43 as though fully set forth herein.

45. Paragraph 45 contains a legal definition which speaks for itself and no response is required, but to the extent it may be construed as factual allegations, Petitioner denies the same and demands strict proof thereof.

46. Paragraph 46 contains what may be intended as a legal conclusion though Respondent does not cite New Mexico law. To the extent it may be construed as factual allegations, Petitioner denies the same and demands strict proof thereof.

47. Petitioner denies the allegations in paragraph 47 of the Counter-Claim.

48. Petitioner denies the allegations in paragraph 48 of the Counter-Claim.

49. Petitioner denies the allegations in paragraph 49 of the Counter-Claim.

**RESPONSE TO COUNT III (Slander Against Title)**

50. Petitioner hereby incorporates her responses to Paragraph 1 through 49 as though fully set forth herein.

51. Paragraph 51 contains a definition of slander which speaks for itself and no response is required, but to the extent that it may be construed as factual allegations, Petitioner denies the same and demands strict proof thereof.

52. Petitioner denies the allegations in paragraph 52 of the Counter-Claim.

53. Petitioner denies the allegations in paragraph 53 of the Counter-Claim.

54. Petitioner denies the allegations in paragraph 54 of the Counter-Claim.

**RESPONSE TO COUNT IV (Malice)**

55. Petitioner hereby incorporates her responses to Paragraph 1 through 54 as though fully set forth herein.

56. Petitioner denies the allegations in paragraph 56 of the Counter-Claim.

57. Petitioner denies the allegations in paragraph 57 of the Counter-Claim.

58. Petitioner denies the allegations in paragraph 58 of the Counter-Claim.

59. Petitioner denies the allegations in paragraph 59 of the Counter-Claim.

60. Petitioner denies the allegations in paragraph 60 of the Counter-Claim, and admits only that she held joint accounts which transferred to her by right of survivorship and received small life insurance proceeds, and EEOICPA benefits.

61. Petitioner denies the allegations in paragraph 61 of the Counter-Claim and admits only that the Decedent's Will leaves her the residuary estate and tangible personal property..

62. Petitioner denies the allegations in paragraph 62 of the Counter-Claim.

63. Petitioner denies the allegations in paragraph 63 of the Counter-Claim and admits only that the house was deeded to the Rosemary Hunter Trust.

64. Petitioner denies the allegations in paragraph 64 of the Counter-Claim.

65. Petitioner denies the allegations in paragraph 65 of the Counter-Claim.

66. Petitioner denies the allegations in paragraph 66 of the Counter-Claim.

## AFFIRMATIVE DEFENSES

A. As a separate and alternative affirmative defense, Respondent's claims are barred in whole or in part by failure to state a claim upon which relief may be granted.

B. As a separate and alternative affirmative defense, Respondent's claims are barred in whole or in part by laches, unclean hands, waiver, and estoppel.

C. As a separate and alternative affirmative defense, Petitioner's correspondence with Fidelity was justified and made in good faith in asserting a claimed legal interest in the property.

D. As a separate and alternative affirmative defense, Respondent's claims cannot demonstrate any cognizable damages.

E. As a separate and alternative affirmative defense, Respondent's claim of "malice" is not a cognizable cause of action, but a potential element thereof.

F. As a separate and alternative affirmative defense, Respondent's allegations of punitive damages are inadequate and demonstrate no willful, wanton, reckless, or malicious action by Petitioner.

G. Petitioner reserves the right to assert such further or other relief the Court may deem just and has not knowingly or intentionally waived any applicable defenses. If Petitioner learns of any additional defenses, Petitioner may seek leave to amend her answer to raise such defenses.

WHEREFORE, Petitioner, having fully answered Respondent's Counter-Claim respectfully requests this Court for the following relief:

A. Deny all relief requested by Respondent and denied in this Response;

B. Dismiss Respondent's claims in their entirety;

C. Award Petitioner her attorney's fees and costs incurred herein; and

D. For such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

NEW MEXICO LEGAL GROUP, P.C.

*/s/ Matthew Barceleau*
Matthew Barceleau
Attorney for Petitioner
2701 Arizona St. NE
Albuquerque, NM 87110
(505) 843-7303
mbarceleau@newmexicolegalgroup.com

I hereby certify that the foregoing pleading will be provided to all parties entitled to notice via efile and serve on the date it is endorsed.

*/s/ Matthew Barceleau*
Matthew Barceleau