**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 24 2026

ERIK PALTROW
CLERK

**ROSEMARY S. HUNTER.**
**Petitioner,**

MLG-SCY

**26 cv 2167-GBW-SCY**

**v.**

**ANDREW McGUIRE, et al.,**
**Defendants.**

---

**ANDREW McGUIRE, et al.,**
**Third Party Plaintiffs,**

**v.**

**FIDELITY MANAGEMENT TRUST COMPANY,**
**Third Party Defendant.**

**THIRD-PARTY PLAINTIFFS' OPPOSITION TO FIDELITY MANAGEMENT TRUST COMPANY'S MOTION TO STRIKE OR DISMISS**

COMES NOW the Third-Party Plaintiffs Andrew McGuire and David McGuire, both *pro se*, and in opposition to Fidelity Management Trust Company's motion to strike or dismiss [Doc. 26], state as follows:

## INTRODUCTION

On July 15, 2026, Third Party Plaintiffs filed a three count complaint against Fidelity Management Trust Company ("FMTC"), claiming that FMTC had breached its fiduciary duty to Third Party Plaintiffs, breached a contract with them, and committed unfair trade practices pursuant to the New Mexico Unfair Trade Practices law. FMTC now moves for dismissal under Rules 14 and 12(b)(6). Neither rule provides a basis for the summary dismissal FMTC seeks; accordingly, FMTC's motion must be denied.

**FACTS**

Third Party Plaintiffs are the adult children of Eugene McGuire, who died on February 16, 2026, leaving behind an IRA held by Fidelity and designated to his three children upon his death. (¶ 6 of the Third Party Complaint). Upon learning about Mr. McGuire's passing, Fidelity advised Mr. McGuire's three adult children that they were the sole named beneficiaries of the IRA. Fidelity even offered to open "inherited IRA accounts" for the Third Party Plaintiffs for them to receive their father's IRA funds. (¶¶ 14 and 15 of the Third Party Complaint). Third Party Plaintiffs accepted the offer, opened respective "inherited IRA accounts," and then waited for Fidelity to fund the accounts.

Third Party Plaintiffs are still waiting. Unbeknownst to Third Party Plaintiffs, Mr. McGuire's widow Rosemary S. Hunter had written to Fidelity – just days after her husband's death - claiming that the Fidelity IRA really belonged to her. (¶ 17 of the Third Party Complaint). Even as she acknowledged that her deceased husband's beneficiary designations for the Fidelity account were "his three biological children," Mrs. Hunter would eventually go on to file a lawsuit against the Third Party Plaintiffs in the Second Judicial District, claiming that the IRA was "community property," and that Court should enjoin her husband's children from receiving their inherited IRA on grounds of estoppel, constructive trust, and equitable lien. (¶ 28 of the Third Party Complaint). Curiously, Mrs. Hunter did not name Fidelity – as the custodian of the IRA – as a defendant in her lawsuit.

Despite Mrs. Hunter's letters and her lawsuit, Third Party Plaintiffs repeatedly demanded that FMTC fund their inherited IRA's. They also demanded certain records from Fidelity

regarding Mrs. Hunter. When Fidelity refused both demands, the Third Party Plaintiffs filed this instant third-party complaint.

On September 11, 2026, FMTC filed its motion to strike or dismiss, arguing that the Third Party complaint was deficient under Rules 12(b)(6) and 14. These two Third Party Plaintiffs now submit their opposition and request that the Court DENY FMTC's motion.

**ARGUMENT**

Neither Rule 14 or 12(b)(6) provides a basis for the summary dismissal FMTC now seeks.

1. **Rule 14.**

Federal Rule of Civil Procedure 14(a) states in relevant part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

Third Party Defendant FMTC now claims it is entitled to summary dismissal, suggesting that Rule 14's "impleader" only applies to claims for "indemnity, contribution, or subrogation…." (Motion at 7). FMTC argues that the claims against it "are not dependent on whether Ms. Hunter prevails in her attempt to invalidate the IRA's beneficiary designations, establish a constructive trust, or estop or enjoin Third-Party Plaintiffs from accessing the IRA funds. Instead, the Third-Party Plaintiffs make free-standing claims against FMTC—that they were harmed by FMTC's alleged refusal to immediately fund their inherited IRAs and to provide certain documents…." (Motion at 7).

FMTC's arguments have no merit, ignore the plain language of the Rule, and are in flat defiance of the facts here. Under Rule 14, there can be no question that Third Party Plaintiffs are the "defending party" in a claim where their father's widow is demanding all or some of

an IRA that they are apparently entitled to. FMTC clearly fits the description of a "non-party" – Fidelity was not named as a Defendant by Rosemary S. Hunter in her lawsuit against her deceased husband's children, even though Fidelity is clearly an indispensable party to that litigation.

So the only question left under Rule 14: is Fidelity liable to Third Party Plaintiffs for "all or part of the claim" Rosemary S. Hunter has brought against the Third Party Plaintiffs? The obvious answer, based on what Mrs. Hunter is seeking in her complaint, is yes.

In its Motion to Strike or Dismiss, FMTC admits that a third-party claim may be brought "when the third party's liability *is in some way dependent on the outcome of the main claim* or when the third party is *secondarily liable* to [the] defendant." (Motion at 4, citing Wiatt v. State Farm Ins. Cos., 560 F. Supp. 2d 1068, 1074 (D.N.M. 2007)). See also Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir.1983) ("'impleader is proper …where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim" ).

The "main claim" here – Rosemary S. Hunter's suit against her deceased husband's children – is poised to impose immediate liability upon Fidelity (even though they are not a party to that claim) to either pay out Eugene McGuire's IRA to his designated beneficiaries *or* satisfy whatever relief Rosemary S. Hunter wins against the Third Party Plaintiffs.. If Mrs. Hunter were to prevail in her lawsuit and somehow acquire a judgment or other relief against the Third Party Plaintiffs, the Third Party Plaintiffs would not have the means to "turn over" any of the disputed funds to her, because those funds still remain in the custody of Fidelity. So ultimately, it would be Fidelity who is liable for "all or part" of that hypothetical judgment against the Third Party Defendants. If, on the other hand, the Third Party Plaintiffs were successful in dismissing Mrs. Hunter's complaint, then Fidelity would still be liable to

Third Party Plaintiffs for "all or part" of the money that Fidelity claims was held up by Mrs. Hunter's claims.

While it is true that Third Party Plaintiffs' "free-standing" claims against Fidelity ask for damages above and beyond a simple return of their father's IRA, parties are not foreclosed from also pleading related but non-derivative claims in a proper third-party complaint. See King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1156 (10th Cir. 1990) (holding that "a defendant may join with its proper third-party indemnity claim other claims it may have against the third-party defendant."). Third Party Plaintiffs' complaint prays for equitable and legal relief against Fidelity. In paragraph 43, they specifically ask for "an order directing FMTC to immediately divide the Eugene McGuire IRA between the three third-parry plaintiffs and into their inherited IRA accounts or such other account as they designate." In other words, in addition to damages for breach of contract, breach of fiduciary duty, and Unfair Trade Practicers violations, Third Party plaintiffs are also seeking the immediate return of the IRA funds that their father left them as their inheritance. In short, Third Party Plaintiffs are seeking the same funds in their complaint as Rosemary S. Hunter is in her complain, and thus it must be said that Fidelity is potentially liable to Third Party Plaintiffs for "all or part of the claim" Rosemary S. Hunter has brought against the Third Party Plaintiffs.

Where a defending party seeks to file a third-party complaint, "the determination is left to the informed discretion of the district court, which should allow impleader *on any colorable claim* of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Oldham v. Nova Mud, Inc., Civ. 2:20-cv-01166 MIS/GBW (D. N.M. Jun 06, 2022) (citing Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999)). What

Fidelity wants is for this Court to "to sever the third-party claim or accord it separate trial," which could certainly result in contradictory verdicts - the very "confusion or prejudice" Rule 14 was designed to avoid. Id. Third Party Plaintiffs' legal and equitable suit against Fidelity is not likely to "delay or prejudice the disposition of the plaintiff's claim, " (id.); to the contrary, Third Party Plaintiffs' suit against Fidelity will expedite the resolution of Mrs. Hunter's claims. Mrs. Hunter failed to bring Fidelity into her suit, which would have at a minimum complicated any attempt by the court to issue a proper remedy. With Third Party Plaintiffs' complaint bringing Fidelity into the litigation, all the proper parties are now before the Court, and FMTC has failed to provide any good reason why they shouldn't remain in the case.

Therefore, FMTC's motion to strike on Rule 14 grounds must be denied.

**2. Rule 12(b)(6): Counts I and II.**

FMTC also moves for dismissal under Rule 12(b)(6) of Counts I and II of the Third Party Complaint, saying that the Third Party Plaintiffs' claims should be dismissed "because they are contradicted as a matter of law by the express terms of the contracts between the Third-Party Plaintiffs and Fidelity, contained in the Custodial Agreement and the Customer Agreement." FMTC has helpfully attached to its motion what it purports to be the Customer Agreement (Ex. 1) and the Custodial Agreement (Ex. 2). These attachments are helpful because they give this Court clear grounds to dismiss FMTC's 12(b)(6) motion because ""the four corners of the complaint" mark the boundaries of the allegations the Court uses to determine the outcome of the 12(b)(6) motion to dismiss. Sinbelian v. Davis, 2:26-cv-00075-KWR-GJF (D. N.M. Sep 15, 2026) (citing Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).). If FMTC needs to introduce record evidence in order to justify its argument for

its motion to dismiss, it should wait until summary judgment, when such vetted evidence can properly be considered by the reviewing court.

Exhibits 1 and 2 to FMTC's motion to dismiss are not that kind of vetted evidence. Neither contains the signature of Mr. Eugene McGuire, nor any of the Third Party Plaintiffs, nor of Fidelity itself (!) and thus, they are not "indisputably authentic..." and can therefore not be considered in a Rule 12(b)(6) motion. Chavez v. Bd. of Educ., CIV 25-0729 JB/LF (D. N.M. Aug 26, 2026) (citing GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). On the last page of the Account Agreement (Exhibit 1), for instance, there appears a 2025 copyright – is Fidelity suggesting that Mr. Eugene McGuire signed this Account Agreement in 2025 – fifteen years after he rolled over his 401(k) into the subject IRA? Without more, Exhibit 1 is not relevant, material, and certainly not authenticated.

And the Custodial Agreement (Exhibit 2)? That unsigned document notes in its final paragraph that "This Agreement shall not become effective until acceptance of the Application by or on behalf of the Custodian at its principal office, as evidenced by a notice to the Depositor (or following the death of the Depositor, the Beneficiary)." Without being accompanied by the "notice to Depositor" or a notice to the Beneficiary, this document is thus facially ineffective, and therefore not anything close to being "indisputably authentic."

Since the *entirety* of FMTC's arguments for 12(b)(6) dismissal of Counts 1 and II of the Third Party complaint were based on these two extra-judicial documents of questionable authenticity, this portion of FMTC's motion must be denied so that Third-Party plaintiffs may continue to pursue Count I (Breach of Fiduciary Duty) and Count II (Breach of Contract).

**3. Rule 12(b)(6): Count III.**

Finally, FMTC seeks to dismiss Count III of the Third Party complaint - the claims regarding New Mexico's Unfair Trade Practices law. Specifically, FMTC claims that the Third Party complaint does not identify *any specific representations* by FMTC that were allegedly false, misleading, or deceptive. (Motion, at 13). FMTC's claim here has no merit.

To avoid dismissal under Rule 12(b)(6), a "complaint must contain enough 'facts to state a claim to relief that is plausible on its face' and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" Amaya v. Bregman, 186 F.Supp.3d 1280, 1282 (D.N.M. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Walker v. Mohiuddin, 947 F.3d 1244, 1248-49 (10th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Walker, 947 F.3d at 1249. "The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level." Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., 956 F.3d 1228, 1234 (10th Cir. 2020) (quotation marks omitted).

The Unfair Trade Practices Act makes "[u]nfair or deceptive trade practices" unlawful. N.M. Stat. Ann. § 57-12-3. In pertinent part, the UPA defines an "unfair or deceptive trade practice" as false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . . by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person." N.M. Stat. Ann. § 57-12-2(D). The UTPA lists nineteen examples of unfair or deceptive trade practices, including: (1) "representing that . .

. services have . . . benefits . . . that they do not have"; (2) "representing that . . . services are of a particular standard [or] quality. . . if they are of another"; and, (3) "failing to deliver the quality or quantity of . . . services contracted for." N.M. Stat. Ann. § 57-12-2(D)(5), (7), (17). Also sanctionable under the UTPA: "causing confusion or misunderstanding as to affiliation, connection or association with … another," "representing … that a person has … approval, status, affiliation or connection that the person does not have;..." and "offering goods or services with intent not to supply them..." N.M. Stat. Ann. § 57-12-2(D)(3), (5), (9).

To allege a UPA claim, a plaintiff must allege that: (1) the defendant made an oral or written statement, … or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person. Lohman v. Daimler-Chrysler Corp., 166 P.3d 1091, 1093 (NM 2007).

Third Party Plaintiffs have adequately pled their UTPA claim. Under Rule 8, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and [] a demand for the relief sought");..." Ryan v. Civil Ally Glob. Republic, 1:26-cv-02560-SMD-JMR (D. N.M. Sep 09, 2026). The allegations in Count III of the Third Party Complaint clearly put FMTC on notice as to what the Third Party Plaintiffs' claim is, and what the Unfair Trade Practices are.

FMTC is guilty of "cherry picking" when it says, "According to Third-Party Plaintiffs, FMTC violated the UPA by 'fail[ing] to live up to its representations as to what it offered as an IRA custodian' and failing to immediately transfer IRA funds to the adult children or turn over certain documents." The Third Party complaint alleges a lot more than that!

For example, the Third Party Complaint alleges that:

□. In or around 2010, Mr. McGuire's 401(k) retirement account was "rolled over" into an Individual Retirement Account with FMTC. (¶ 10);

□ When that account rolled over, all of the books and records of the Sandia National Laboratories Savings and Income 401(k) and its predecessor pension were transferred to FMTC, ( ¶ 11);

□ Those books and records include numerous waivers of interest in Mr. McGuire's retirement accounts that were signed by his wife Rosemary S. Hunter, who married Mr. McGuire in 1993. (¶ 12) (emphasis added);

□ FMTC acknowledged that third-party plaintiffs were the sole named beneficiaries of their father's Fidelity IRA, (¶ 14);

□ FMTC offered to provide a service to third party plaintiffs in exchange for a fee (¶ 56);

□ Fidelity offered to continue to act as custodian for the IRA funds that were designated to third- party plaintiffs upon their father's death. (¶ 56);

□ FMTC also made representations in furtherance of its offer to open inherited IRA accounts for third-party plaintiffs that suggested that FMTC's custodial services would be up or exceed normal industry standards. (¶ 57);

□ FMTC[ ] refus[ed] to fund third party plaintiff's inherited IRA's (¶ 60);

□ FMTC[ ] refus[ed] to provide third party plaintiffs with the waivers of interest signed by Rosemary S. Hunter (¶ 61);

□ FMT[ ] refus[ed] to provide third party plaintiffs with the communications it has had with Rosemary S. Hunter (¶ 62).

□ FMTC's custodial services have been entirely deficient and a detriment to third- party plaintiffs, who had relied on FMTC's representations of competency. (¶ 58).

□ FMTC has deliberated or negligently failed to live up to its representations as to what it offered as an IRA custodian. (¶ 59).

In determining whether a complaint states a plausible claim to relief, courts "accept as true all well-pleaded factual allegations in [the] complaint and view these allegations in the light most favorable to the plaintiff." Schrock v. Wyeth, Inc., 727 F.3d 1273, 1280 (10th Cir. 2013). Given the recitation of facts alleged above, it cannot be denied that Third Party Plaintiffs have provided FMTC with clear notice as to what their UTPA claim is all about. This is not about taking one or two allegations out of context and feigning confusion as to what they mean – a clinical analysis of the third party complaint shows that FMTC is on notice as to its failings with regard to the Uniform Trade Practices Act.

Accordingly, FMTC's motion must be denied.

## CONCLUSION

WHEREFORE Third Party Plaintiffs respectfully pray for an order from this Court denying FMTC's Motion to Strike or Dismiss.

We ask for this:

/s/ Andrew McGuire

Andrew McGuire, *pro se*
3204 Pope Street SE
Washington, DC 20020
United States
Phone number: 2024946114

/s/ David McGuire

David McGuire, *pro se*
5581 N PASEO PESCADO
TUCSON, AZ 85718-5127
Davidmcguire116@comcast.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that on the _23rd___ day of September 2026, I served a true copy of the forgoing, by U.S. Mail and email, on the following:

Melanie B. Stambaugh, Esq.
Kara B. Murphy, Esq.
Ian Carrillo, Esq.
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Counsel for Fidelity Management Trust Co.
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
mstambaugh@rodey.com
kmurphy@rodey.com

Rosemary S. Hunter
c/o
Matthew I. Barceleau, Esq.
2701 Arizona St NE
Albuquerque, NM 877110
mbarceleau@newmexicolegalgroup.com

Kurt A. Sommer, Esq.
Attorney for Rachel Ellsworth, Defendant
2000 Old Pecos Trail
Santa Fe, NM 87505
email: kurts@sommerudall.com

Rachel Ellsworth
220 TIOGA ST
JOHNSTOWN, PA 15905-2435
girliemac14@gmail.com

David McGuire, *pro se*
5581 N PASEO PESCADO
TUCSON, AZ 85718-5127
Davidmcguire116@comcast.net

/s/ Andrew McGuire
Andrew McGuire

**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF NEW MEXICO**

**ROSEMARY S. HUNTER,**
**Petitioner,**

**26 cv 2167-MLG-SCY**

**v.**

**ANDREW McGUIRE,**
**RACHEL ELLSWORTH,**
**And**
**DAVID McGUIRE,**
**Defendants.**

---

**ANDREW McGUIRE, et al.,**
**Third Party Plaintiffs,**

**v.**

**FIDELITY MANAGEMENT TRUST COMPANY,**
**Third Party Defendant**

ORDER (Proposed)

UPON CONSIDERATION OF Third Party Defendant Fidelity Management Trust Company's Motion to Strike or Dismiss, the opposition thereto, and the entire record, it is this _____ day of _________, 2026 hereby:

ORDERED: that Third Party Defendant Fidelity Management Trust Company's Motion to Strike or Dismiss be and is hereby DENIED.

______________________________

JUDGE MATTHEW L. GARCIA

FedEx

Envelope

Recycle me

527-1015
4866 THU 09/24 07:33
333 LOMAS BLVD NW
ALBUQUERQUE NM
87102-2274-70
SP PO 100 Y
ETP 2

ORIGIN ID:DCAA (202) 618-3461
ANDREW MCGUIRE
1809 20TH ST NW #52

WASHINGTON, DC 20009
UNITED STATES US

SHIP DATE: 23SEP26
ACTWGT: 0.60 LB
CAD: 6571280/ROSA2710

TO CLERK, CIVIL DIVISION
US DISTRICT COURT
333 LOMAS BOULEVARD NORTHWEST
SUITE 270
ALBUQUERQUE NM 87102

(000) 000-0000 REF:
INV:
PO: DEPT:

FedEx Express

TRK# 0201 8776 4029 7398

THU - 24 SEP 5:00P
STANDARD OVERNIGHT

XX ONMA

87102
NM-US ABQ

Part # 156297-435 RRDB2 EXP 04/27