**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROSEMARY S. HUNTER,

Petitioner,

v.

ANDREW MCGUIRE,
RACHEL ELLSWORTH,
and
DAVID MCGUIRE,

Defendants

---

ANDREW MCGUIRE,
RACHEL ELLSWORTH,
and
DAVID MCGUIRE,

Third-Party Plaintiffs,

v.

FIDELITY MANAGEMENT
TRUST COMPANY,

Third-Party Defendant.

Case No. 1:26-cv-02167-MLG-SCY

**THIRD-PARTY DEFENDANT FIDELITY MANAGEMENT TRUST COMPANY'S COMBINED REPLY IN SUPPORT OF MOTION TO STRIKE OR DISMISS**

This case is about the proper ownership of assets held in an Individual Retirement Account ("IRA") for the benefit of Decedent, Eugene Joseph McGuire ("Decedent"). Third-Party Defendant, Fidelity Management Trust Company ("FMTC"), acts as Custodian for the IRA, pursuant to a Fidelity IRA Custodial Agreement, and its affiliate, Fidelity Brokerage Services LLC ("FBS"), provides administrative services for the IRA pursuant to a Customer Agreement between Decedent and FBS. FMTC and FBS are hereinafter referred to together as "Fidelity."

Third Party Plaintiffs' response briefs confirm that Fidelity Management Trust Company should be dismissed from this case pursuant to Rules 12(b)(6) and/or 14 of the Federal Rules of Civil Procedure.

## I. THE RULE 14 MOTION SHOULD BE GRANTED

The Tenth Circuit Court of Appeals has stressed that a third-party claim under Rule 14(a) "***must be derivative of the original claim***" and that "Rule 14's provision for impleading parties is ***narrow***." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990) (emphases added). This case does not fit the narrow category of cases where Rule 14(a) impleader is proper. The McGuire's response (Dkt. 30)[1] shows that this case is an ownership dispute over a single IRA asset. FMTC is a stakeholder simply awaiting the direction of a court order, not a party secondarily liable for the McGuires' conduct.

From FMTC, the McGuires concede that they do not seek indemnity, contribution or subrogation—the most common uses of Rule 14 impleader. (*See* Resp. at 3–4); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.). In their response brief, the McGuires describe the two

[1] Third Party Plaintiff Rachel Ellsworth filed her own response brief (Dkt. 31), addressed below, and did not join in the McGuires' response brief.

options for how the main claim[2] will play out. (*See* Resp. at 4–5.) Under either scenario, FMTC will need to comply with a court order that adjudicates who is the rightful owner of the IRA at issue. *Id*. Accordingly, the purpose of Rule 14 is not served by allowing Third Party Plaintiffs to name FMTC as a party in this case.

"The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.); *see also Oldham v. Nova Mud, Inc*., 2022 WL 1987745, at *1 (D.N.M. June 6, 2022) ("[T]hird-party pleading is appropriate 'only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim.'") (quoting *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008)). Indeed, "[i]f there is no right to relief under the substantive law, impleader is improper." *Hefley v. Textron, Inc*., 713 F.2d 1487, 1498 (10th Cir. 1983).

As FMTC has communicated to Third Party Plaintiffs all along, because of the dispute over the IRA, FMTC is simply awaiting a court order confirming the proper beneficiaries and directing it to distribute the assets at issue accordingly. (*See* Third Party Complaint ("TPC") ¶¶ 17, 21–23, 30.) The McGuires concede that FMTC's liability to Third Party Plaintiffs is ***not*** dependent on the outcome of the main claim—that no matter the outcome, FMTC will simply need to comply with the Court's order. (*See* Resp. at 4–5.) Not surprisingly, none of the cases cited by the McGuires approximate the circumstance here. (*Id*.) For example, *Oldham* involved a plaintiff suing under the Fair Labor Standards Act and the New Mexico Minimum Wage Act and alleging he was jointly

[2] That is, the "Petition to Invalidate Beneficiary Designations of Fidelity Account for Eugene Joseph McGuire," originally filed by Rosemary Hunter in New Mexico state court, and then removed to federal court by defendant Andrew McGuire. (*See* Dkt. 1, p. 11-15.)

employed by multiple companies. 2022 WL 1987745, at *1. *King Fisher* involved an indemnity claim arising out of alleged damages from a breached construction contract. 893 F.2d at 1157.

The McGuires ***concede*** that they assert "free-standing claims against FMTC." (Resp. at 5.) To argue that they can still plead these "non-derivative" claims, the McGuires rely on *King Fisher*. But in that case, third party plaintiff's indemnification claim was found to be a proper Rule 14(a) claim, before consideration of the other claims. 893 F.2d 1155, 1158, n. 1. That is not the situation here, where there is no proper original derivative claim against FMTC.

Although it is well-settled that Rule 14 "is not a catchall for independent litigation," *U. S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968), that is precisely what the McGuires attempt to do here. FMTC's Rule 14 Motion should be granted and FMTC should be dismissed from this suit.

## II. THE RULE 12(B)(6) MOTION SHOULD BE GRANTED

Even if the Third Party Complaint is procedurally proper, and it is not, FMTC should be dismissed from this action because the contracts Third Party Plaintiffs sue upon contradict their own claims and because the allegations are wholly deficient to state a UPA claim.

### A. Counts I and II

Counts I and II of the Third Party Complaint are for breach of fiduciary duty and breach of contract, respectively. Third Party Plaintiffs claim that FMTC owed them certain duties and was required to immediately fund the inherited IRAs. However, in their response brief, as in the complaint, the McGuires fail to "indicate what contractual provisions" FMTC actually breached. *Armijo v. State, Dep't of Transp.*, 2009 WL 1329192, at *7 (D.N.M. Apr. 6, 2009); *President & Fellows of Harvard Coll. v. Elmore*, 222 F. Supp. 3d 1050, 1059 (D.N.M. 2016). This is because the contractual provisions contradict Third Party Plaintiffs' allegations.

The TPC alleges that FMTC has held Mr. McGuire's IRA since 2010, and that Third Party Plaintiffs opened "Inherited IRA" accounts with FMTC. (TPC, ¶¶10, 15). The complaint further expressly alleges that "[a] contract exists between each of the third party plaintiffs and Fidelity, for Fidelity to manage their inherited IRA funds." (*Id.*, ¶ 50.) Despite these allegations, faced with the actual language of the contracts they rely on, the McGuires urge the Court to ignore the contracts.

The McGuires do not, however, dispute the existence or validity of the contracts—the Custodial Agreement and Customer Agreement. They challenge only the "authenticity" of the documents attached to FMTC's Motion to Dismiss. To address this, FMTC has attached to this reply a short, sworn affidavit authenticating the documents attached as Exhibits 1 and 2 to FMTC's Motion. (**Exhibit 3**, attached hereto).

The law is settled that a court may consider such documents in resolving a motion to dismiss. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). As the Tenth Circuit has explained," "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.* at 1385.

"When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents." *Id.*; *see also J.H. v. Anthem Blue Cross Life & Health Ins. Co.*, 137 F.4th 1147, 1150 (10th Cir. 2025). Under Tenth Circuit law, "factual allegations that contradict ... a properly considered document are not well-pleaded facts

that the court must accept as true." *Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1237, n. 6 (10th Cir. 2013) (internal citation and quotation marks omitted).

The McGuire's sole rebuttal to the Motion to Dismiss is to question the "authenticity" of the documents, even though FMTC's Motion represented the exhibits as true and correct copies of those contracts. The affidavit confirms the authenticity of the documents. Thus Counts I and II cannot survive dismissal.

**B. Count III**

Third Party Plaintiffs' Unfair Practices Act (UPA) claim also fails. The McGuires' response brief, like the complaint, fails to identify a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services. *Young v. Hartford Cas. Ins. Co.*, 503 F. Supp. 3d 1125, 1184 (D.N.M. 2020).

The McGuires list twelve allegations that purport to support their UPA claim. (Resp. at 10–11.) But none of these statements constitute a ***false or misleading statement***. The McGuires do not identify any specific statement, when or how it was made, or why it was false or misleading. Alleging generalized "representations" that FMTC's "custodial services would be up to or exceed normal industry standards," (Resp. at 10) is not sufficient under the *Twombly/Iqbal* standard and New Mexico law. The McGuires also do not identify any allegations showing that FMTC made any specific misrepresentation knowingly in connection with the sale of goods or services. *See Walker v. Emergency Staffing Sols., Inc.*, 2017 WL 3206641 (D.N.M. Feb. 2, 2017) (granting motion to dismiss UPA claim); *Lucero v. State Farm Mutual Auto Insurance Co, et al*, 2026 WL 2255078, at *8 (D.N.M. Aug. 5, 2026) (granting Rule 12(b)(6) motion to dismiss UPA claim where "critically, [plaintiff] fails to point to any specific misrepresentations in support of her claim.") The McGuires complain, for example, that FMTC did not fund their "Inherited IRA" accounts, but

never allege in their complaint that FMTC represented that it ***would*** fund the accounts and then did not.

"[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). A plaintiff "cannot state conclusory allegations and then wait until discovery in hope that it will uncover facts that will create a genuine issue of material fact." *W. Agric. Ins. Co. v. Legacy Med. Servs., LLC*, 2020 WL 4201825, at *25 (D.N.M. July 22, 2020) (finding that plaintiff did does not state sufficient facts to support its Unfair Practices Act claim, because it did "not allege specifically the misrepresentations that [defendant] made.").

**III. THIRD PARTY PLAINTIFF ELLSWORTH'S CLAIMS SHOULD BE DISMISSED**

Finally, Third Party Plaintiff Rachel Ellsworth has separately filed a response to FMTC's Motion to Dismiss/to Strike. (Dkt. 31.) Ellsworth explains that she "does not oppose FMTC's motion subject to" certain conditions. *Id*. Ellsworth's short response appears to be a form of settlement offer, not an actual response to the Motion. Ellsworth does not address the merits of ***any*** of the arguments in FMTC's Motion.

"The failure to respond to an argument in a motion constitutes consent to grant the motion to the extent of that particular argument." *Grelle v. Off. of Pers. Mgmt.*, 2026 WL 867709, at *12, n. 4 (D.N.M. Mar. 30, 2026). "[U]nder Tenth Circuit law, failing to respond constitutes waiver." *Id.*; *see also Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. Feb. 6, 2003) (unpublished) (argument waived when the respondent does not raise the response in initial response to motion to dismiss).

Neither the McGuires nor Ms. Ellsworth ask for leave to file an amended complaint. Therefore, FMTC should be dismissed from this case with prejudice. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172–73 (10th Cir. 2023); *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180 (10th Cir. 2014).

## V. CONCLUSION

For these reasons and the reasons stated in its Motion, FMTC respectfully requests that this Court grant the Motion under either Federal Rule of Civil Procedure 14 or Federal Rule of Civil Procedure 12(b)(6), dismiss with prejudice all claims against FMTC, and for any other relief the Court deems just and appropriate.

Dated: October 8, 2026

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A.

*/s/ Kara B. Murphy*

Melanie B. Stambaugh
Kara B. Murphy
Ian S. Carrillo
Post Office Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile (505) 768-7395
mstambaugh@rodey.com
kmurphy@rodey.com
icarrillo@rodey.com

***Attorneys for Third-Party Defendant Fidelity Management Trust Company***

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ Kara B. Murphy*
Kara B. Murphy